UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| Plaintiff(s)<br><br>SCOTT D. H. REDMAN,<br><br>- against -<br><br>Defendant(s)<br><br>CAPITAL ADVANCE SOLUTIONS, LLC | Case No. 17-4531<br>(PGS)<br><br><br><br>**DEFENDANT CAPITAL ADVANCE SOLUTIONS LLC'S ANSWER TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS** |
|---|---|

TO:   Peter E. Lembesis, Esq.
      Dunn Lambert, LLC
      East 80 Route 4, Suite 170
      Paramus, New Jersey 07652

**COUNSEL:**

Defendant CAPITAL ADVANCE SOLUTIONS, LLC ("Defendant"), by and through its attorneys, Kent & McBride, P.C., hereby provides answers to Plaintiff's Subpoena to Produce Documents as set forth below. These responses are made without waiver of, and with preservation of, the following:

1.      All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2.      The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3.      The right to object on any ground at any time to a demand or request for further response to Plaintiff's interrogatories or any other interrogatories or document requests or other discovery proceedings involving or relating to the subject matter of this controversy; and

4.      The right at any time to revise, correct, add to, supplement or clarify any of

the responses contained herein.

5.      In the event any responses and/or documents are inadvertently produced by Defendant which fall within the attorney-client and/or attorney work-product privilege, Defendant shall not be deemed to have waived its privilege as to any such document or the information contained therein, or the right to the attorney-client or work-product privilege as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS

Defendant intends to abide by its obligation to produce requested information and documents discoverable under the Rules governing civil practice in New Jersey. The specific objections described below are intended to clarify Defendant's position with respect to each Interrogatory. Accordingly, where applicable, Defendant's answer to an interrogatory will include one or more of the following objections:

A. Defendant objects to each interrogatory to the extent that it calls for information that would impose upon Defendant a vexatious and undue burden on the ground that such interrogatory is oppressive and/or is intended to harass Defendant. [Objection on the grounds of "Undue Burden."]

B. Defendant objects to each interrogatory to the extent that it is drafted in such a manner that it is overly broad in that the interrogatory purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available and without causing unnecessary expense and hardship to Defendant or seeks information not relevant to this proceeding as defined in subpart "C" below.  [Objection on the grounds of "Overbreadth."]

C. Defendant objects to each interrogatory to the extent that it seeks the disclosure of documents, information or data which is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  [Objection on the grounds of "Irrelevancy."]  Objections on the grounds of Irrelevancy are specifically interposed as to all interrogatories which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in Plaintiff's Complaint nor reasonably calculated to lead to the discovery of evidence admissible with respect to such allegations.

D. Defendant objects to each interrogatory to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product privilege or other privileges, or is material prepared in anticipation of litigation, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the New Jersey Rules of Court, which prerequisites have not been satisfied.  [Objection on the grounds of "Privilege."]

E. Defendant objects to each interrogatory to the extent that it is vague,

ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response. [Objection on the grounds of "Vagueness."]

F. Defendant objects to each interrogatory to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom Defendant has no control. [Objection on the grounds of "Control."]

G. Defendant objects to each interrogatory to the extent that it seeks disclosure of information already known or available to Plaintiff or documentation in Plaintiff's possession which may be obtained more readily by Plaintiff and without subjecting Defendant to unreasonable burden and expense. [Objection on the grounds of "Availability."]

H. Defendant objects to each interrogatory to the extent it seeks information that is confidential, trade secret, subject to privacy rights or otherwise proprietary in nature, the disclosure of which would or could harm Defendant. [Objection on the grounds of "Proprietary Information."]

## RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS

1. All documents related to plaintiff.

**Answer**

**Objection. This interrogatory is overbroad, vague and unduly burdensome. Without waiving the objection the defendant is not in possession of any documents related to the plaintiff.**

2. All documents related to telephone number 312.315.4666.

**Answer**

**The defendant is not in possession of any documents related to phone number 312-315-4666.**

3. All documents supporting the right, if any, of you and/or any person on your behalf, to make calls to plaintiff.

**Answer**

**Objection to the term "right." Notwithstanding the objection, the defendant**

is not in possession of any documents authorizing it to call the plaintiff. The defendant or anyone acting on behalf of the defendant did not call the plaintiff. The defendant is a business to business funds brokerage and does not call non-business consumers.

4. Your telephone bills and detailed call reports.

**Answer**

Objection. This request is overbroad, vague and unduly burdensome. The request is not sufficiently limited to the time of the alleged calls, the phone number of the plaintiff and the nature/type of call. Without waiving the objection the defendant is not in possession of any phone bills or call reports.

5. All scripts and drafts of scripts used by you, or on your behalf, to make calls.

**Answer**

The defendant does not utilize or possess any scripts.

6. All agreements and/or contracts with any person to make calls on your behalf.

**Answer**

Objection. The request is vague and overbroad. Without waiving the objection, the defendant is not in possession of any agreements in which it directed anyone to make calls on its behalf. Attached hereto as to Exhibit A is a Sales Vendor ADAD Compliance Agreement signed by Leo Johnson of First Pacific Marketing, Inc. This agreement permitted First Pacific to act as an independent lead vendor. Capital Advance did not direct First Pacific to make any calls. Any calls made by First Pacific were to be made to businesses only and in compliance with all federal and state regulations, including the

**Telephone Consumer Protection Act (TCPA).**

7. All documents identifying all persons you have engaged in any manner to make calls on your behalf.

**Answer**

Objection. The request is vague and overbroad. Without waiving the objection, the defendant is not in possession of any documents in which it directed anyone to make calls on its behalf. Attached hereto as Exhibit A is a Sales Vendor ADAD Compliance Agreement signed by Leo Johnson of First Pacific Marketing. This agreement permitted First Pacific to act an independent lead vendor. Capital Advance did not direct First Pacific to make any calls. Any calls made by First Pacific were to be made to businesses only in compliance with all federal and state regulations, including the TCPA.

8. All documents identifying all persons who have made calls on your behalf.

**Answer**

The defendant does not possess documents responsive to this request.

9. All agreements and/or contract with any person to generate leads for you by making calls.

**Answer**

The defendant is not in possession of an agreement and/or contracts other than Exhibit A.

10. All documents identifying all persons you have engaged in any manner to generate leads and/or prescreen on your behalf by making calls.

**Answer**

Objection. The request is vague and overbroad. Without waiving the objection, attached hereto as Exhibit A is a Sales Vendor ADAD Compliance Agreement signed by Leo Johnson of First Pacific Marketing. This agreement permitted First Pacific to act as an independent lead vendor. Capital Advance did not direct First Pacific to make any calls. Any calls made by First Pacific were to be made to businesses only in compliance with all federal and state regulations, including the TCPA.

11. All documents identifying all persons who have made calls to generate leads and/or prescreen on your behalf.

**Answer**

Objection. The request is vague and overbroad. Without waiving the objection, attached hereto is a Sales Vendor ADAD Compliance Agreement signed by Leo Johnson of First Pacific Marketing. This agreement permitted First Pacific to act as an independent lead vendor. Capital Advance did not direct First Pacific to make any calls. Any calls made by First Pacific were to be made to businesses only in compliance with all federal and state regulations, including the TCPA. .

12. All agreements and/or contracts with any party that has provided advertising and/or marketing services on your behalf.

**Answer**

Objection. This request is overbroad and vague. Furthermore, the

defendant is a business to business funds brokerage and does not call individual consumers. Without waiving the objection, the defendant has a website address at capitaladvancesolutions.com where businesses may learn about services. See also the attached Sales Vendor ADAD Compliance Agreement with First Pacific Marketing.

13. All documents related to your procedures, if any, for complying with the TCPA.

**Answer**

Capital Advance Solutions is a brokerage fund to businesses only. The defendant is not in possession of any documents responsive to this request other than the attached Sales Vendor ADAD Compliance agreement in which First Pacific Marketing agreed that any calls made to generate a lead will be in compliance with the TCPA and other applicable state and federal regulations.

14. All documents related to your procedures, if any, for verifying compliance with the TCPA by any person making calls on your behalf and/or generating leads and/or prescreen on your behalf.

**Answer**

The defendant is a brokerage fund to businesses only. The defendant does not engage anyone to make calls on its behalf. First Pacific Marketing is an independent vendor that would contact Capital Advance Solutions after establishing a business was interested in its services. First Pacific advised Capital Advance Solutions that all calls made would be done in compliance with all applicable state and federal regulations, including the TCPA.

15. All documents identifying the number of calls made by you or made on your behalf.

**Answer**

**Capital Advance Solutions does not have any documents responsive to this request.**

16. All documents identifying each person to whom you have made calls or had calls made on your behalf.

**Answer**

**Objection, this request is vague, overbroad and unduly burdensome. Without waiving the objection, Capital Advance Solutions is a business funds brokerage only and does not call individual consumers.**

17. All documents identifying the number of calls made, on your behalf, by any lead generator and/or pre-screener you have engaged in any manner.

**Answer**

**Defendant does not possess any documents responsive to this request.**

18. All documents identifying each person to whom calls were made, on your behalf, by a lead generator and/or prescreener you have engaged in any manner.

**Answer**

**Defendant does not possess any documents responsive to this request.**

19. All documents identifying the number of calls made, on your behalf, by any lead generator and/or prescreener you have engaged in any manner that were transferred to you.

**Answer**

**Defendant does not possess any documents responsive to this request.**

20. All documents identifying each person to whom calls were made, on your behalf, by a lead generator and/or prescreener you have engaged in any manner that were transferred to you.

**Answer**

**Defendant does not possess any documents responsive to this request.**

21. All documents identifying calls transferred to you.

**Answer**

**The defendant is not possession of the requested documents.**

22. All documents related to First Pacific Marketing, Ltd.

**Answer**

**See Exhibit A  Sales Vendor ADAD Compliance Agreement.**

23. All documents related to any of your business plan(s).

**Answer**

**Objection.  This request is vague, overbroad and unduly burdensome. The defendant is unable to respond to this request as phrased.**

24. All documents related to any communication(s) you have had with any governmental entity and/or elected official related to your business plan(s), business model(s), requests for tax breaks, offers of tax breaks and/or public announcements.

**Answer**

**Objection.  This request is vague, overbroad and unduly burdensome.**

**The information requested is not relevant to the plaintiff's allegation of telephone calls made to a cell phone in violation of the TCPA. Without waiving the objection, the defendant is not in possession of the requested documents.**

25. Copies of all notices (e.g. by way of complaint, claims, letters, etc.) received by you from consumers, the Better Business Bureau, regulators (including any correspondence from the Attorney General's office of any state) or law enforcement related to you making calls or having calls made on your behalf.

**Answer**

**Attached hereto as Exhibit B are Better Business documents.**

26. Copies of all responses made by you to any notices (e.g. by way of complaint, claim, letters, etc.) received by you from consumers, the Better Business Bureau, regulators (including any correspondence from the Attorney General's office of any state) or law enforcement related to you making calls or having calls made on your behalf.

**Answer**

**See Exhibit B.**

27. All of your organizational charts.

**Answer**

**Objection. The documents requested are not relevant to the plaintiff's allegations of telephone calls made by Capital Advance Solution to a cell phone in violation of the TCPA. Without waiving the objection, none.**

28. A list of your current and former employees, designating dates of employment, title(s), last known home address, last known telephone number(s) and last known email address(es).

**Answer**

Objection. This request overbroad, vague and unduly burdensome. Furthermore, the release of the defendant's employee's personal information is not relevant to the plaintiff's allegations of phone calls made by the defendants in violation of the TCPA and/or other regulations set forth in the plaintiff's complaint.

29. All documents you filed with the New Jersey Department of State and/or the New Jersey Department of Treasury.

**Answer**

Objection. This request is overbroad, vague and unduly burdensome. Furthermore, the request is not relevant to the plaintiff's allegations of phone calls made by the defendants in violation of the TCPA and/or other regulations as set forth in the plaintiff's complaint.

30. All of your annual reports, annual financial statements, quarterly financial statements, credit applications and tax returns.

**Answer**

Objection. This request is overbroad, vague and unduly burdensome. Furthermore, the request is not relevant to the plaintiff's allegations of phone calls made by the defendants in violation of the TCPA and/or other regulations as set forth in the plaintiff's complaint.

31. Your document retention and destruction policy(ies), including modifications thereto.

**Answer**

**The defendant does not have a document destruction policy.**

32. All documents related to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment, if any, that may be entered against you in this case.

**Answer**

**See insurance policy and correspondence from Hartford Insurance denying coverage attached as Exhibit C.**

33. All documents related to any indemnification and/or contribution agreement under which any person may be liable to indemnify you, in whole or in part, or contribute to you for payments made to satisfy a judgment, if any, that may be entered against you in this case.

**Answer**

**See Exhibit A Sales Vendor ADAD Compliance agreement.**

## CERTIFICATION

I hereby certify under penalty of perjury that:

I have read the foregoing answers to Interrogatories and they are true, accurate and complete, and all documents submitted are originals or true copies of the original documents in my possession or control.

I hereby certify that the copies of the reports annexed hereto provided by proposed expert witnesses are exact copies of the entire report provided by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later unknown or unavailable, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
Dan Logan, Chief Finance Officer
Capital Investment Solutions

Dated: August 4, 2017