UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Plaintiff(s)<br><br>SCOTT D. H. REDMAN, individually and on behalf of others similarly situated,<br><br>- against -<br><br>Defendant(s)<br><br>CAPITAL ADVANCE SOLUTIONS, LLC, a New Jersey limited liability company, | Case No. 17-4531 (PGS)<br><br>CERTIFICATION OF DAN LOGAN IN FURTHER RESPONSE TO PETITIONER'S ALLEGED DEFICIENCIES |

I, Dan Logan, CPA, MBA, CFO of Capital Advance Solutions, LLC, submit the following responses to the Petitioner's Notice of Deficiencies, as ordered by The Honorable Tonianne J. Bongiovanni, Magistrate Judge:

1. This Court, should, respectfully, disregard the so-called certification Dan Logan ("the Logan Document"), because it fails to comply with 28 U.S.C. § 1746, which requires that a certification be submitted under penalties of perjury. The Logan Document is not so submitted.

**A separate certification that complies with 28 U.S.C. § 1746 was filed.**

2. The Logan Document also fails to detail any reasonable excuse for no complying with the subpoena. While Logan claims that "April was crazy", the subpoena response was not due until May 12, 2017, and Respondent never asked for an extension or sought a protective order. Furthermore, the content of the subpoena was no surprise, as it contained the same document requests that were first issued to Respondent on August 22, 2016. Logan claims that he "worked on it as time permitted", but does not say what he did or when.

> **I provided the following reasons for my late response:**
>
> > **"At the direction of the owners, I began winding down the AC office at the end of March. My own staff was largely laid off, forcing me to take on jobs such as information technology, marketing, and general management. These duties dominated my time. April was crazy, and I was unable to respond to the 33-paragraph subpoena in the short time allowed. I took the subpoena seriously and worked on it as time permitted. I provided my responses to Kent/McBride as quickly as possible."**
>
> **This is a factual representation of the circumstances. I was not physically possible for me to respond to the subpoena sooner than I did. I worked at least 70 hours per week during the entire time, and I am still doing so. If I work longer hours, I get less done. This is full capacity for me.**
>
> **The Petitioner contends that the discovery was served in 2016 and therefore CAS should not be surprised. The Petitioner improperly served discovery on the Respondent while it was in default. The Respondent was not required, nor did it undertake any investigation, until it was properly served with the subpoena in April of 2017. I then searched all available paper files, electronic files, and email for documents in order to comply with the subpoena.**

3. Respondent also fails to produce any documents, with Logan seeming to hide behind a "passage of time" defense. This lawsuit was served on Respondent on June 8, 2016 [DE 10 in underlying case] and discovery requests were served on Respondent on August 22, 2016 and November 1, 2016. Respondent fails to disclose what it did to preserve evidence or the location/status of applicable electronic records. Respondent cannot hide behind the passage of time if it allowed evidence to spoil.

**I dispute this, I did provide documents; this included Better Business Complaints, Vendor TCPA Compliance Agreement and insurance documents. The Respondent conducted a diligent search of its records and did not discover documents responsive to the Petitioner's other demands.**

**The Petitioner contends that the discovery was served in 2016 and that CAS is hiding behind a "passage of time." The Petitioner improperly served discovery on the Respondent while it was in default. The Respondent was not required, nor did it undertake any investigation, until it was properly served with the subpoena. Nor has the Respondent engaged in the destruction of any documents. The Respondent does not possess the documents requested by Plaintiff.**

4. At the same time Logan claims that "[p]otential business clients are vetted by a third party", he also disclaims knowledge of their operations. If that is the case, how does he know they were vetted? The vendor was directed to comply with the TCPA Compliance Agreement.

**I performed a statistical analysis of lead volume correlated to the number of complaints. In this way I mathematically determined which vendors lacked oversight. Vendors with a high correlation to complaints were warned and the ungoverned vendor ultimately banned.**

5. Logan claims that "we exercise no control over" lead generators "at all". Respectfully, that claim does not withstand scrutiny. The lead generators are calling under Respondent's name. Respondent fails to identify or produce: the blacklisting process it (or its lead generators) used; what records support that effort; what quality control procedures Respondent used to verify and/or compel TCPA compliance; the documents showing what numbers Respondent "blacklisted".

**I dispute this, lead generators used their own names when calling. I do not have a "blacklisting process," other than performing a statistical analysis of the vendors. CAS does not have records responsive to this request.**

6. For that matter, Respondent does not identify the third-parties who allegedly conducted the vetting process or the "selected third-party lead generation specialists" that Respondent "allowed to forward []business."

**CAS did identify First Pacific Marketing as its primary lead specialist responsible for vetting businesses. Other specialists included Channel Growth. As indicated in my prior certification, CAS does not possess phone records of these independent vendors.**

7. Respondent also fails to produce its payment records with respect to the lead generators. While Logan claims that determining payment is "like an oriental bazaar", it stands to reason that such records exist. The alleged lead generators must have made payment demands, Respondent must have responded, and payment must have been made. Respondent has not disclosed the location of such records or set forth why they have not been produced.

**The subpoena did not request payment records from lead generators. If there was such a request, it would have been an outrageous burden, as the**

payments are small and numerous and would require weeks of work to pull out of credit card statements and PayPal transactions.

8. While Logan disclaims having phone numbers of "non-customers", Respondent has not disclosed *any* of its phone/call records. Robocalls to mobile phones are illegal under the TCPA, regardless of whether the call recipient becomes a customer or not. Notably, Respondent has not even identified its phone carrier.

**CAS does not possess such records. Petitioner is well aware that the Respondent purchased leads a la carte from unrelated third-party vendors that called businesses. The Respondent does not possess these records. The petition did not ask for the name of the Respondent's phone carrier. Moreover, CAS did not solicit business using phone lines associated with this carrier.**

9. Logan even disclaims having access to email "because our email is outsourced and the salesperson was laid off". Even if email is outsourced, it is Respondent's vendor; Respondent should have no difficulty in getting the records (Logan does not even identify the alleged vendor). What about Respondent's internal email system? Petitioner emailed Respondent, so at least that email must exist in Respondent's computer system. *See* Declaration of Scott D. H. Redman ("Redman Dec.") [DE 6-1], at ¶ 5.

**The Petitioner's subpoena did not request emails. However, I provided a detailed explanation in my prior certification explaining the measures taken to locate Mr. Redman's email. I have made every effort to find any email correspondence to or from Mr. Redman. CAS does not have any. Moreover, there is no reason why CAS would keep such correspondence.**

**We do not have an internal email system. The accounts of people that are laid off are deleted by the vendor. CAS has no control over this.**

10. Logan also claims that Respondent has no record of Petitioner. That is implausible, considering that Respondent's employees were able to locate Petitioner in Respondent's computer system. *See* Redman Dec., at ¶¶ 6,8. If respondent destroyed evidence, it should say so.

> **I looked for any correspondence from Mr. Redman. Despite my best efforts I was unable to find any.**

11. Respondent has failed to identify any of its employees.

> **The defendant objected to this request as being overbroad. Without waiving said objection, I am currently the only remaining employee of Capital Advance Solutions, LLC. CAS is willing to provide specific names and addresses of former employees between the dates alleged in Plaintiff's Complaint or as this Honorable Court deems appropriate. CAS does not have email addresses and telephone numbers.**

12. Respondent has also failed to produce records/documents regarding its business plans, operations, tax incentive, taxes and finances, with no explanation.

> **Your Honor ruled during the OSC hearing that the Respondent did not have to respond to requests for information about taxes, finances or business plans as these were improper requests.**

13. In short, Respondent has produced virtually nothing. Each and every category of documents demanded in Petitioner's subpoena has gone unanswered. The deficiencies that remain: all of them.

> **This is a misrepresentation of the facts. The Respondent has provided all of the documents in its possession to the Petitioner. I made every effort to**

respond to each of the Petitioner's requests. The Respondent cannot provide what it does not have.

CAS does not call consumers. CAS relied on an independent third party vendor to solicit businesses only. Although not required, CAS requested its vendor to comply with the TCPA out of an abundance of caution to address the concerns of the Better Business Bureau and business owners.

In accordance with 28 U.S.C. § 1746.7 declare under the penalty of perjury that the representations made in this certification are true and accurate.

Capital Advance Solutions, Respondent

By: _____

Dan Logan

Kent & McBride, P.C.
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
732-326-1711
cdevanny@kentmcbride.com