IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ADVANCE SOLUTIONS, LLC, a New Jersey limited liability company,<br><br>　　　　　　Defendant. | )<br>)<br>)　No. 16 C 4380<br>)<br>)　Judge Blakey<br>)<br>)　Magistrate Gilbert<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Scott D.H. Redman requests that Defendant Capital Advance Solutions, LLC answer the following requests for production in the manner and within the time stated in Fed. R. Civ. P. 34 or otherwise ordered by the Court.

**Definitions**

As used herein, the words and phrases set out below have the following meanings:

1. "Autodialer" shall mean automated telephone dialing system, as defined in 47 U.S.C. § 227(a)(1).

2. "Calls" shall mean telephone calls to consumers' cellular telephone numbers using Autodialers and/or artificial and/or prerecorded voices for the purpose of Telephone Solicitation.

3. "Complaint" shall mean the most-recently filed complaint filed by Plaintiff in this lawsuit.

4. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

5. "Defendant", "You" and/or "Your" shall mean defendant Capital Advance Solutions, LLC and its present and former attorneys, officers, members, managers, employees, agents, accountants, advisors, representatives, and any other person acting or purporting to act on its behalf.

6. "Document" or "documents" shall mean every original, and every copy of any original or copy which differs in any way from any original, of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation, electronically

Exhibit 2

stored information, letters, facsimile transmissions, books, records, reports, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, tabulations, bulletins, press releases, computer programs, data contained in computers, computer disks or diskettes, data sheets, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, studies, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, forecasts or appraisals, purchase orders, invoices, orders or acknowledgments, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records, maps, plats, surveys, drawings, sketches, graphs, charts, plans, state and federal governmental hearings and reports, laboratory or engineering reports, correspondence, communications, electronic mail, voicemail, telegrams, telexes, cables, memoranda, notes, notebooks, worksheets, reports, lists, note charts, summaries or records of telephone conversations, summaries or records of personal conversations, interviews, records or minutes of meetings or negotiations, opinions or reports of consultants, accounting of any kind, work papers and transcripts, and generally should be given the broadest possible meaning under the Federal Rules of Civil Procedure.

7. "Employee" shall mean, in addition to an actual employee, any form of representative, consultant, engineer, agent, consulting agent or independent contractor or any other person acting, or purporting to act, on behalf of the "employer" or principal.

8. "Identify" shall mean:

    (a) as to an individual, stating his or her:

        (1) full name customarily used at the present time and any other full names;
        (2) present or last known residence address; and
        (3) name and address of his or her current employer, current employer's business, and job title, status or classification with current employer.

    (b) as to any person other than an individual, stating:

        (1) its legal name and any other names used by it; and
        (2) the form or manner of its organization (e.g., partnership, corporation, sole proprietorship, etc.).

    (c) as to a conversation, stating:

        (1) the persons who were involved in the conversation;
        (2) all persons who were present when the conversation took place;
        (3) where the conversation occurred;

    (4)    when the conversation occurred;
    (5)    the general topic or topics of the conversation; and
    (6)    as close to verbatim as possible the conversation.

9. "Oral communication" shall mean any utterance heard by another person, whether in person, by telephone, or otherwise, as well as all mechanical or electronic sound recordings or transcripts thereof.

10. "Person" or "persons" shall mean, without limiting the generality of its meaning, every natural person, corporate entity, partnership, sole proprietorship, limited liability company, joint venture, association, trust or any other business, social, political or governmental organization, entity or arrangement of whatever nature, whether real, juridical, incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons," or otherwise encompassed within this definition.

11. "Plaintiff" shall mean Plaintiff Scott D.H. Redman.

12. "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, identifying, referring to, pertaining to, being connected with, or reflecting upon a stated subject matter.

13. "TCPA" shall mean the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

14. "Telephone Solicitation" shall mean the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, as more fully defined in 47 U.S.C. § 227(a)(4).

15. "Written communication" shall mean any document that conveys a thought, message or any other information, including, but not limited to letters, memoranda, reports, invoices, purchase orders and electronic transmissions.

## Time Period Covered By This Request

Unless otherwise indicated, each of the following requests information for the period April 18, 2012 to the date on which they are answered through the date on which they are answered.

## Requests to Produce

1. All Documents related to Plaintiff.

2. All Documents consulted in responding to these Written Discovery Requests.

3. All Documents supporting the right, if any, of You and/or any Person on Your behalf, to make Calls to Plaintiff.

4. All scripts and drafts of scripts used by You, or on Your behalf, to make Calls.

3

5. All agreements and/or contracts with any Person to make Calls on Your behalf.

6. All Documents identifying all Persons You have engaged in any manner to make Calls on Your behalf.

7. All Documents identifying all Persons who have made Calls on Your behalf.

8. All agreements and/or contract with any Person to generate leads for You by making Calls to consumers.

9. All Documents identifying all Persons You have engaged in any manner to generate leads on Your behalf by making Calls.

10. All Documents identifying all Persons who have made Calls to general leads on Your behalf.

11. All Documents related to Your procedures, if any, for complying with the TCPAA and any related regulations.

12. All Documents related to Your procedures, if any, for verifying compliance with the TCPA and any related regulations by any Person making Calls on Your behalf and/or generating leads on Your behalf.

13. All Documents identifying the number of Calls made by You or made on Your behalf.

14. All Documents identifying each Person to whom You have made Calls or had Calls made on Your behalf.

15. All Documents identifying the number of Calls made, on Your behalf, by any lead generator You have engaged in any manner.

16. All Documents identifying each Person to whom Calls were made, on Your behalf, by a lead generator You have engaged in any manner.

17. All Documents identifying the number of Calls made, on Your behalf, by any lead generator You have engaged in any manner that were transferred to You.

18. All Documents identifying each Person to whom Calls were made, on Your behalf, by a lead generator You have engaged in any manner that were transferred to You.

19. All Documents related to First Pacific Marketing, Ltd.

20. All Documents related to any of Your business plan(s).

4

21. All Documents related to any communication(s) You have had with any governmental entity and/or elected official related to Your business plan(s), business model(s), requests for tax breaks, offers of tax breaks and/or public announcements.

22. Copies of all notices (e.g., by way of complaint, claim, letters, etc.) received by You from consumers, the Better Business Bureau, regulators (including any correspondence from the Attorney General's office of any state) or law enforcement related to You making Calls or having Calls made on Your behalf.

23. Copies of all responses made by You to any notices (e.g., by way of complaint, claim, letters, etc.) received by You from consumers, the Better Business Bureau, regulators (including any correspondence from the Attorney General's office of any state) or law enforcement related to You making Calls or having Calls made on Your behalf

24. All of your organizational charts.

25. All of your annual reports, annual financial statements, quarterly financial statements, credit applications and tax returns.

26. Your document retention and destruction policy(ies), including modifications thereto.

27. All Documents related to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment, if any, that may be entered against You in this case.

28. All Documents related to any indemnification and/or contribution agreement under which any person may be liable to indemnify You, in whole or in part, or contribute to You for payments made to satisfy a judgment, if any, that may be entered against You in this case.

SCOTT D.H. REDMAN, Plaintiff

By: _____
One of Plaintiff's Attorneys

Paul F. Markoff (paul@markleinlaw.com)
Karl G. Leinberger (karl@markleinlaw.com)
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602
312.726.4162 (p)

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing *Plaintiff's First Set of Requests for Production* was served upon the following by regular mail, postage prepaid, on this 22nd day of August, 2016:

Capital Advance Solutions, LLC
Attn: Charles Betta, President
1715 State Rt 35 Ste 302
Middletown NJ 07748

                                                                            Paul F. Markoff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of others similarly situated,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>CAPITAL ADVANCE SOLUTIONS, LLC,  )<br>a New Jersey limited liability company,  )<br><br>Defendant.  ) | No. 16 C 4380<br><br>Judge Blakey<br><br>Magistrate Gilbert |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff Scott D.H. Redman requests that Defendant Capital Advance Solutions, LLC answer the following interrogatories in the manner and within the time stated in Fed. R. Civ. P. 33 or otherwise ordered by the Court.

### Definitions

As used herein, the words and phrases set out below have the following meanings:

1. "Autodialer" shall mean automated telephone dialing system, as defined in 47 U.S.C. § 227(a)(1).

2. "Calls" shall mean telephone calls to consumers' cellular telephone numbers using Autodialers and/or artificial and/or prerecorded voices for the purpose of Telephone Solicitation.

3. "Complaint" shall mean the most-recently filed complaint filed by Plaintiff in this lawsuit.

4. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

5. "Defendant", "You" and/or "Your" shall mean defendant Capital Advance Solutions, LLC and its present and former attorneys, officers, members, managers, employees, agents, accountants, advisors, representatives, and any other person acting or purporting to act on its behalf.

6. "Document" or "documents" shall mean every original, and every copy of any original or copy which differs in any way from any original, of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation, electronically

stored information, letters, facsimile transmissions, books, records, reports, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, tabulations, bulletins, press releases, computer programs, data contained in computers, computer disks or diskettes, data sheets, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, studies, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, forecasts or appraisals, purchase orders, invoices, orders or acknowledgments, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records, maps, plats, surveys, drawings, sketches, graphs, charts, plans, state and federal governmental hearings and reports, laboratory or engineering reports, correspondence, communications, electronic mail, voicemail, telegrams, telexes, cables, memoranda, notes, notebooks, worksheets, reports, lists, note charts, summaries or records of telephone conversations, summaries or records of personal conversations, interviews, records or minutes of meetings or negotiations, opinions or reports of consultants, accounting of any kind, work papers and transcripts, and generally should be given the broadest possible meaning under the Federal Rules of Civil Procedure.

7. "Employee" shall mean, in addition to an actual employee, any form of representative, consultant, engineer, agent, consulting agent or independent contractor or any other person acting, or purporting to act, on behalf of the "employer" or principal.

8. "Identify" shall mean:

    (a) as to an individual, stating his or her:

        (1) full name customarily used at the present time and any other full names;
        (2) present or last known residence address; and
        (3) name and address of his or her current employer, current employer's business, and job title, status or classification with current employer.

    (b) as to any person other than an individual, stating:

        (1) its legal name and any other names used by it; and
        (2) the form or manner of its organization (e.g., partnership, corporation, sole proprietorship, etc.).

    (c) as to a conversation, stating:

        (1) the persons who were involved in the conversation;
        (2) all persons who were present when the conversation took place;
        (3) where the conversation occurred;

   (4) when the conversation occurred;
   (5) the general topic or topics of the conversation; and
   (6) as close to verbatim as possible the conversation.

9. "Oral communication" shall mean any utterance heard by another person, whether in person, by telephone, or otherwise, as well as all mechanical or electronic sound recordings or transcripts thereof.

10. "Person" or "persons" shall mean, without limiting the generality of its meaning, every natural person, corporate entity, partnership, sole proprietorship, limited liability company, joint venture, association, trust or any other business, social, political or governmental organization, entity or arrangement of whatever nature, whether real, juridical, incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons," or otherwise encompassed within this definition.

11. "Plaintiff" shall mean Plaintiff Scott D.H. Redman.

12. "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, identifying, referring to, pertaining to, being connected with, or reflecting upon a stated subject matter.

13. "Telephone Solicitation" shall mean the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, as more fully defined in 47 U.S.C. § 227(a)(4).

14. "TCPA" shall mean the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

15. "Written communication" shall mean any document that conveys a thought, message or any other information, including, but not limited to letters, memoranda, reports, invoices, purchase orders and electronic transmissions.

## Time Period Covered By This Request

  Unless otherwise indicated, each of the following requests information for the period April 18, 2012 to the date on which they are answered through the date on which they are answered.

## Interrogatories

  **Interrogatory No. 1:**  Identify each person with knowledge relating to the claims in the Complaint in this case and/or defenses thereto and for each person, identify the subject(s) on which each person has knowledge.

  **Answer:**

  **Interrogatory No. 2:**  Without regard to date, identify each oral and written communication between You and Plaintiff.

3

**Answer:**

**Interrogatory No. 3:** Identify any lead generation service you have engaged in any manner.

**Answer:**

**Interrogatory No. 4:** Without regard to date, identify each oral and written communication between You and any other Person relating to Plaintiff.

**Answer:**

**Interrogatory No. 5:** State, in detail, Your procedures, if any, for complying with the TCPA and any related regulations, including identifying the Person(s) on Your behalf responsible for verifying Your compliance and identifying any changes.

**Answer:**

**Interrogatory No. 6:** State, in detail, Your procedures, if any, for verifying compliance with the TCPA and any related regulations by any Person making Calls on Your behalf and/or generating leads on Your behalf.

**Answer:**

**Interrogatory No. 7:** State the number of Calls You have made or were made on your behalf.

**Answer:**

**Interrogatory No. 8:** Identify all Persons to whom you have made Calls or had Calls made on Your behalf.

**Answer:**

**Interrogatory No. 9:** Without regard to date, identify all lawsuits, complaints and/or regulatory inquiries (including any correspondence from the Attorney General's office of any state) related to You making Calls or having Calls made on Your behalf, including the matter name, number, jurisdiction and disposition.

**Answer:**

**Interrogatory No. 10:** Identify each of Your telephone service providers, including specifying when each was Your telephone service provider.

**Answer:**

**Interrogatory No. 11:** Identify each Person You engaged in any manner to make Calls on Your behalf.

**Answer:**

**Interrogatory No. 12:** Identify each Person You engaged in any manner to generate leads for You by making Calls and having consumers transferred to You.

**Answer:**

**Interrogatory No. 13:** State the number of Calls made, on Your behalf, by any lead generator You have engaged in any manner.

**Answer:**

**Interrogatory No. 14:** Identify all Persons to whom Calls were made on Your behalf by any lead generator You have engaged in any manner.

**Answer:**

**Interrogatory No. 15:** State the number of Calls made, on Your behalf, by any lead generator You have engaged in any manner that were transferred to You.

**Answer:**

**Interrogatory No. 15:** Identify all Persons to whom Calls were made, on Your behalf, by any leading generator You have engaged in any manner that were transferred to You.

**Answer:**

**Interrogatory No. 16:** Identify each Call You made, or was made on Your behalf, to Plaintiff.

**Answer:**

**Interrogatory No. 17:** Describe Your document retention and destruction policy(ies), stating the date(s) on which changes were made, if any, and identifying what those changes were.

**Answer:**

5

SCOTT D.H. REDMAN, Plaintiff

By: _____
One of Plaintiff's Attorneys

Paul F. Markoff (paul@markleinlaw.com)
Karl G. Leinberger (karl@markleinlaw.com)
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602
312.726.4162 (p)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing *Plaintiff's First Set of Interrogatories* was served upon the following by regular mail, postage prepaid, on this 22nd day of August, 2016:

Capital Advance Solutions, LLC
Attn: Charles Betta, President
1715 State Rt 35 Ste 302
Middletown NJ 07748

_____
Paul F. Markoff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CAPITAL ADVANCE SOLUTIONS, LLC, a New Jersey limited liability company, | ) ) ) |
| Defendant. | ) |

No. 16 C 4380

Judge Blakey

Magistrate Gilbert

## **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff Scott D.H. Redman requests that Defendant Capital Advance Solutions, LLC answer the following requests for admission in the manner and within the time stated in Fed. R. Civ. P. 36 or otherwise ordered by the Court.

## **Definitions**

As used herein, the words and phrases set out below have the following meanings:

1. "Autodialer" shall mean automated telephone dialing system, as defined in 47 U.S.C. § 227(a)(1).

2. "Calls" shall mean telephone calls to consumers' cellular telephone numbers using Autodialers and/or artificial and/or prerecorded voices for the purpose of Telephone Solicitation.

3. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

4. "Defendant", "You" and/or "Your" shall mean defendant Capital Advance Solutions, LLC and its present and former attorneys, officers, members, managers, employees, agents, accountants, advisors, representatives, and any other person acting or purporting to act on its behalf.

5. "Employee" shall mean, in addition to an actual employee, any form of representative, consultant, engineer, agent, consulting agent or independent contractor or any other person acting, or purporting to act, on behalf of the "employer" or principal.

6. "Person" or "persons" shall mean, without limiting the generality of its meaning, every natural person, corporate entity, partnership, sole proprietorship, limited liability company, joint venture,

association, trust or any other business, social, political or governmental organization, entity or arrangement of whatever nature, whether real, juridical, incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons," or otherwise encompassed within this definition.

7. "Plaintiff" shall mean Plaintiff Scott D.H. Redman.

8. "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, identifying, referring to, pertaining to, being connected with, or reflecting upon a stated subject matter.

9. "Telephone Solicitation" shall mean the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, as more fully defined in 47 U.S.C. § 227(a)(4).

10. "TCPA" shall mean the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

### Time Period Covered By This Request

Unless otherwise indicated, each of the following requests information for the period April 18, 2012 through the date on which they are answered.

### Requests for Admission

**Request for Admission No. 1:** Since April 18, 2012, You made Calls.

**Answer:**

**Request for Admission No. 2:** Since April 18, 2016, You made Calls.

**Answer:**

**Request for Admission No. 3:** Since April 18, 2012, in exchange for payment from You, another Person(s) made Calls on Your behalf.

**Answer:**

**Request for Admission No. 4:** Since April 18, 2016, in exchange for payment from You, another Person(s) made Calls on Your behalf.

**Answer:**

**Request for Admission No. 5:** Since April 18, 2012, in exchange for payment from You, a lead generator made Calls on Your behalf and transferred Calls to You.

**Answer:**

2

**Request for Admission No. 6:** Since April 18, 2016, in exchange for payment from You, a lead generator made Calls on Your behalf and transferred Calls to You.

**Answer:**

**Request for Admission No. 7:** Since April 18, 2012, You have made more than 1,000 Calls.

**Answer:**

**Request for Admission No. 8:** Since April 18, 2012, You have made more than 1,000,000 Calls.

**Answer:**

**Request for Admission No. 9:** Since April 18, 2012, You have made more than 5,000,000 Calls.

**Answer:**

**Request for Admission No. 10:** Since April 18, 2012, in exchange for payment from You, another Person(s) made more than 1,000 Calls on Your behalf.

**Answer:**

**Request for Admission No. 11:** Since April 18, 2012, in exchange for payment from You, another Person(s) made more than 1,000,000 Calls on Your behalf.

**Answer:**

**Request for Admission No. 12:** Since April 18, 2012, in exchange for payment from You, another Person(s) made more than 5,000,000 Calls on Your behalf.

**Answer:**

**Request for Admission No. 13:** Since April 18, 2012, in exchange for payment from You, a lead generator made more than 1,000 Calls on Your behalf and transferred Calls to You.

**Answer:**

**Request for Admission No. 14:** Since April 18, 2012, in exchange for payment from You, a lead generator made more than 1,000,000 Calls on Your behalf and transferred Calls to You.

**Answer:**

**Request for Admission No. 15:** Since April 18, 2012, in exchange for payment from You, a lead generator made more than 5,000,000 Calls on Your behalf and transferred Calls to You.

**Answer:**

**Request for Admission No. 16:** Since April 18, 2016, You have made more than 1,000 Calls.

**Answer:**

**Request for Admission No. 17:** Since April 18, 2016, You have made more than 1,000,000 Calls.

**Answer:**

**Request for Admission No. 18:** Since April 18, 2016, in exchange for payment from You, another Person(s) made more than 1,000 Calls on Your behalf.

**Answer:**

**Request for Admission No. 19:** Since April 18, 2016, in exchange for payment from You, another Person(s) made more than 1,000,000 Calls on Your behalf.

**Answer:**

**Request for Admission No. 20:** Since April 18, 2016, in exchange for payment from You, a lead generator made more than 1,000 Calls on Your behalf and transferred Calls to You.

**Answer:**

**Request for Admission No. 21:** Since April 18, 2016, in exchange for payment from You, a lead generator made more than 1,000,000 Calls on Your behalf and transferred Calls to You.

**Answer:**

**Request for Admission No. 22:** You have never had express consent from recipients for Calls to be made by You or on Your behalf to those recipients.

**Answer:**

**Request for Admission No. 23:** On April 15, 2016, You made a Call to Plaintiff's cellular telephone (no. 312.315.4666).

**Answer:**

4

**Request for Admission No. 24:** On April 15, 2016, in exchange for payment from You, another Person(s) made a Call to Plaintiff's cellular telephone (no. 312.315.4666).

**Answer:**

**Request for Admission No. 25:** On April 15, 2016, in exchange for payment from You, a lead generator made a Call to Plaintiff's cellular telephone (no. 312.315.4666) and transferred the Call to You.

**Answer:**

**Request for Admission No. 26:** On April 18, 2016, You made a Call to Plaintiff's cellular telephone (no. 312.315.4666).

**Answer:**

**Request for Admission No. 27:** On April 18, 2016, in exchange for payment from You, another Person(s) made a Call to Plaintiff's cellular telephone (no. 312.315.4666).

**Answer:**

**Request for Admission No. 28:** On April 18, 2016, in exchange for payment from You, a lead generator made a Call to Plaintiff's cellular telephone (no. 312.315.4666) and transferred the Call to You.

**Answer:**

**Request for Admission No. 29:** On July 26, 2016, You made a Call to Plaintiff's cellular telephone (no. 312.315.4666).

**Answer:**

**Request for Admission No. 30:** On July 26, 2016, in exchange for payment from You, another Person(s) made a Call to Plaintiff's cellular telephone (no. 312.315.4666).

**Answer:**

**Request for Admission No. 31:** On July 26, 2016, in exchange for payment from You, a lead generator made a Call to Plaintiff's cellular telephone (no. 312.315.4666) and transferred the Call to You.

**Answer:**

**Request for Admission No. 32:** You have never had express consent from Plaintiff for Calls to be made by You or on Your behalf to Plaintiff.

**Answer:**

**Request for Admission No. 33:** Since April 18, 2012, You made Calls knowing that the Calls were prohibited by the TCPA and any related regulations.

**Answer:**

**Request for Admission No. 34:** Since April 18, 2012, You paid another person(s) to make Calls on Your behalf knowing that the Calls were prohibited by the TCPA and any related regulations.

**Answer:**

**Request for Admission No. 35:** Since April 18, 2012, You paid a lead generator to make Calls on Your behalf and transfer them to You knowing that the Calls were prohibited by the TCPA and any related regulations.

**Answer:**

**Request for Admission No. 36:** Since April 18, 2012, You made Calls using an Autodialer(s).

**Answer:**

**Request for Admission No. 37:** Since April 18, 2012, You made Calls using an artificial or prerecorded voice.

**Answer:**

**Request for Admission No. 38:** Since April 18, 2012, You paid another person(s) to make Calls on Your behalf using an Autodialer.

**Answer:**

**Request for Admission No. 39:** Since April 18, 2012, You paid another person(s) to make Calls on Your behalf using an artificial or prerecorded voice.

**Answer:**

**Request for Admission No. 40:** Since April 18, 2012, You paid a lead generator to make Calls on Your behalf using an Autodialer and then transfer the Calls to You.

**Answer:**

**Request for Admission No. 41:** Since April 18, 2012, You paid a lead generator to make Calls on Your behalf using an artificial or prerecorded voice and then transfer the Calls to You.

**Answer:**

**Request for Admission No. 42:** Since April 18, 2012, You knowingly violated the TCPA by making Calls.

**Answer:**

**Request for Admission No. 43:** Since April 18, 2012, You willfully violated the TCPA by making Calls.

**Answer:**

**Request for Admission No. 44:** Since April 18, 2012, You paid First Pacific Marketing, Ltd. to make Calls on Your behalf.

**Answer:**

**Request for Admission No. 45:** Since April 18, 2012, You paid First Pacific Marketing, Ltd. to make pay others to make Calls on Your behalf.

**Answer:**

                                          SCOTT D.H. REDMAN, Plaintiff

                            By: _____

                                          One of Plaintiff's Attorneys

Paul F. Markoff (paul@markleinlaw.com)
Karl G. Leinberger (karl@markleinlaw.com)
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602
312.726.4162 (p)

7

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing *Plaintiff's First Set of Requests for Admission* was served upon the following by regular mail, postage prepaid, on this 22nd day of August, 2016:

Capital Advance Solutions, LLC
Attn: Charles Betta, President
1715 State Rt 35 Ste 302
Middletown NJ 07748

                                             Paul F. Markoff

8