**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

May 14, 2018

**LETTER ORDER**

Re:   **Redman v. Capital Advance Solutions, LLC**
      Civil Action No. 17-4531 (PGS)

Dear Counsel:

On April 18, 2016, Scott D.H. Redman ("Redman") filed a class action Complaint against Capital Advance Solutions, LLC ("Capital") in the United States District Court for the Northern District of Illinois (the "Underlying Case"), alleging violations of the Telephone Consumer Protection Act (the "TCPA"). (Redman Pet. ¶1; Docket Entry No. 1). Although Capital was apparently served with process in the Underlying Action, Capital never appeared in that matter. (*Id.* ¶ 2). Although Capital never answered or otherwise responded to Redman's class action Complaint, Redman served discovery on Capital in the Underlying Action. (*Id.* ¶3). After Capital did not respond to same, an issue arose regarding whether the judge presiding over the Underlying Action could order Capital to respond to Redman's discovery requests. The judge in the Underlying Action determined that he could not order Capital, which essentially was a defaulting defendant, to respond to Redman's discovery requests, but, instead, for discovery purposes, Capital was a non-party and Redman would have to pursue discovery from Capital as it would a non-party. (*Id.*)

As a result, on April 25, 2017, Redman issued a subpoena for documents on Capital. (*Id.* ¶4). The subpoena was served on Capital on April 28, 2017. (*Id.* ¶5). Despite requiring

Capital's response by May 12, 2017, Capital did not respond to the subpoena in any fashion. (*Id.* ¶6). Given Capital's failure to respond to Redman's subpoena, including its failure to object to or move to quash same, Redman filed the instant matter on June 20, 2017, petitioning this Court to enforce the subpoena served on Capital. (*See generally, Id.*) Redman also asked that Capital be held in contempt pursuant to FED.R.CIV.P. ("Rule") 45(g) for its failure to comply with his subpoena and that he be awarded his reasonable attorneys' fees and costs incurred in seeking Capital's compliance with the subpoena. (*Id.*)

After reviewing Redman's petition to enforce the subpoena, this Court entered an Order to Show Cause ("OTSC"), requiring Capital to "appear and show cause, if any there be, . . . on **August 14, 2017 at 1:00 p.m.** why an Order of this Court should not issue compelling [Capital] to produce the documents requested[.]" (OTSC of 7/5/2017; Docket Entry No. 2). The Court also required Capital to "file and serve its Answer to the Application no later than **August 4, 2017**." (*Id.*) To the extent Redman received the information he requested, he was directed to "promptly advise this Court." (*Id.*)

On August 4, 2017, Capital made its appearance in this matter and responded to the Courts OTSC. Capital's response did not address the substance of Redman's application, why Capital failed to timely respond to the subpoena, whether it should be held in contempt, etc. Instead, Capital's response consisted solely of its answers and related document production to Redman's subpoena. (*See generally*, Capital's Response to OTSC of 8/4/217; Docket Entry No. 5). On August 10, 2017, with the Court's permission, Redman filed a reply to Capital's response. (Docket Entry No. 6). Capital then filed a sur-reply without leave of Court on August 12, 2017 in which it attempted to explain why it did not timely comply with the subpoena and argued against a contempt finding. (Docket Entry No. 7).

2

The Court conducted the OTSC on August 14, 2017. The Court held in abeyance its final decision on Redman's petition and its OTSC, but provided guidance regarding the sufficiency of Capital's responses as well as its related document production, and required Capital to produce a certification from someone with knowledge, such as Capital's Chief Financial Officer and/or from its former President, with additional information. (*See* Letter Order of 8/16/2017; Docket Entry No. 9).

The Court engaged in a series of communications with the parties regarding deficiencies in Capital's responses. The Court addressed same in Letter Orders dated October 11, 2017 and December 14, 2017, requiring Capital to further supplement the information produced in response to Redman's subpoena. (*See* Docket Entry Nos. 13 & 16). The Court further noted that it would address Redman's application for attorneys' fees and costs after all the alleged deficiencies in Capital's responses had been addressed. (*See* Letter Order of 12/14/2017 at 2).

On February 5, 2018, the Court determined that Capital had sufficiently responded to Redman's subpoenaed discovery demands, holding that it would not require a further response. (*See* Letter Order of 2/5/2018 at 2; Docket Entry No. 20). The Court also, however, held that it would "consider awarding fees and costs associated with the filing of this Motion." (*Id.*) The Court set a briefing schedule for Redman's request for fees and costs and directed Redman to "identify/apportion costs and fees for the initial filing and for each subsequent submission." (*Id.*) Redman timely filed his application for attorneys' fees and costs on March 5, 2018 (Docket Entry No. 21) and on March 26, 2018, Capital filed its opposition to same in accordance with the Court's schedule. (Docket Entry No. 22).

3

Through his application, Redman seeks the following attorneys' fees and costs:

1. $14,091 related to the original Petition to Enforce Subpoena from June 7, 2017 through September 20, 2017 ($9,295 in fees to Markoff Leinberger LLC; $4,270 in fees to Dunn Lambert, LLC; and $526 in costs);

2. $3,507.85 related to the first Notice of Deficiencies from September 21, 2017 through November 8, 2017 ($2,860 in fees to Markoff Leinberger LLC; $630 in fees to Dunn Lambert, LLC; and $17.85 in costs);

3. $3,570.45 related to the Second Notice of Deficiences from November 3, 2017 through January 12, 2018 ($2,420 in fees to Markoff Leinberger LLC; $1,120 in fees to Dunn Lambert, LLC; and $30.45 in costs);

4. $2,583.90 related to the Third Notice of Deficiencies from January 18, 2018 through January 19, 2018 ($2,145 in fees to Markoff Leinberger LLC; $420 in fees to Dunn Lambert, LLC; and $18.90 in costs).

(Decl. of Paul F. Markoff ¶ 9; Docket Entry No. 21-1).

Redman notes that the fees are based on a blended rate of $475.00 per hour ($550.00 per hour for Paul F. Markoff and $350.00 per hour for Peter Lembesis of Dunn Lambert, LLC). (*Id.* at ¶ 10). Redman argues that the "fees are reasonable based on the time and labor required and the skill requisite to perform the necessary legal services to prosecute the instant matter." (*Id.*) He also cites to several cases in which similar rates were approved. *See Redman v. Radioshack Corp.*, 2014 WL 497438 (N.D. Ill. Feb. 7, 2017); *Redman v. IMAX Chicago Theater LLC*, No. 13 C 7892 (N.D. Ill.); *Redman v. City of Chicago*, No. 13 C 3810 (N.D. Ill.); *Diehl v. Legoland Discovery Centre US, LLC*, No. 12 C 6932 (N.D. Ill.); and *Crosby v. Regional Trans. Authority*, No. 07 C 6235 (N.D. Ill.).

Capital opposes Redman's request for attorneys' fees and costs, arguing that Redman is not entitled to same because Capital complied in good faith with Redman's petition to enforce the subpoena. (*See* Capital Resp. at 5-9; Docket Entry No. 22). Capital further argues that Redman failed to meet his burden of proving that Capital purposefully disobeyed the subpoena.

4

Additionally, Capital argues that if the Court determines that Redman is entitled to attorneys' fees and costs, the Court should reduce the amount because the amount sought is unreasonable. (*See Id.* at 9-11). In this regard, Capital claims that Redman's rate of $450 to $550 per hour for a motion to enforce a discovery subpoena is outrageous. (*Id.* at 10). Finally, Capital argues that since it is no longer in business, awarding attorneys' fees and costs would be unjust under Rule 37(a)(5)(A)(iii).

The Court has fully reviewed and considered the arguments raised in support of and in opposition to Redman's request for attorneys' fees and costs. The Court notes that attorneys' fees and costs may be levied against a non-party who fails to comply with a valid subpoena as a contempt sanction pursuant to Rule 45(g), which authorizes the Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it[,]" and/or pursuant to the Court's "inherent powers," which allow the Court to sanction a non-party who in bad faith violates a properly served subpoena. *See Snyder v. Dietz & Watson, Inc.*, Civ. A. No. 11-0003 (NLH) (AMD), 2013 WL 12155425, *1 (D.N.J. Jan. 30, 2013); *Feltman v. Granite State Ins. Co.*, No. 07-00111, 2008 WL 630282, *4 (Bankr. D.N.J. March 5, 2008). Here, the Court does not address whether Capital should be held in contempt and sanctioned with Redman's attorneys' fees and costs pursuant to Rule 45(g). Instead, the Court exercises its inherent authority to sanction Capital for its initial bad faith failure to comply with the properly served discovery subpoena. While the Court appreciates that courts at times may consider this to be a drastic remedy, for the reasons set forth below, the Court finds that it is appropriate under the circumstances presented here.

The facts of this case are quite unique. Here, the Court is not presented with an unsuspecting non-party being served with a discovery subpoena. Instead, the "non-party"

5

served with the subpoena is the defendant in the Underlying Action. To be clear, Capital was served with process in the Underlying Action and elected not to answer or otherwise respond to Redman's Complaint. Further, Capital, upon being served with discovery in the Underlying Action, elected not to respond to same.

The Court shall not detail everything that transpired in the Underlying Action, rather, a copy of the Docket Sheet for that matter has been attached to this Order. Significantly, given Capital's failure to respond to discovery requests, the judge presiding over the Underlying Action ordered the president of Capital, Charles Betta, to appear before it or risk having a warrant issued for his arrest. (*See Redman v. Capital Advance Solutions, LLC*, Civil Action No. 1:16-cv-04380 (N.D.Ill.), Docket Entry No. 34). Mr. Betta appeared and indicated that he was the former president of Capital and a non-party to the Underlying Action. He acknowledged that Capital was served with Redman's Complaint, but did not answer or otherwise respond. He also acknowledged that Capital had been served with Redman's discovery requests, but had not responded to same. Mr. Betta further argued that because Capital had not filed an appearance in the Underlying Action or answered the Complaint, it was a defaulting party and, as such, was not required to participate in the Underlying Action to any degree greater than a non-party. Consequently, Mr. Betta argued that the judge presiding over the Underlying Action could not compel Capital to respond to Redman's discovery requests, but, instead, Redman could obtain the information he sought via subpoena practice under Rule 45. (*See Id.*, Docket Entry No. 39). The presiding judge agreed with Mr. Betta. (*See Id.*, Docket Entry No. 44 (denying Redman's request for sanctions)). As a result, Redman served the discovery subpoena on Capital at issue in this enforcement action.

While Capital was certainly entitled to proceed in the fashion it did in the Underlying Action, it could have proceeded differently. Capital could have answered or otherwise responded to Redman's Complaint. In addition, even though it defaulted in the matter, Capital could have elected to have responded to Redman's discovery requests. It did not. Instead, as outlined above, it took advantage of the Federal Rules of Civil Procedure and related case law to require Redman to subpoena it for the information Redman sought. While perhaps not the best course, it was and is acceptable under the rules. What is not acceptable, however, is Capital's refusal to abide by the rules applicable to it after knowingly requiring Redman to jump through the aforementioned procedural hoops. As just outlined, despite being well aware of the discovery Redman sought, Capital refused to respond to Redman's demands absent the issuance of a Rule 45 subpoena. Then, after being properly served with such a subpoena, the subpoena it required, Capital failed to timely respond, again compelling Redman to jump through another procedural hoop.

Under these circumstances, Capital's failure to timely respond to Redman's subpoena is not excusable and evidences bad faith. Notably, when Capital did respond to this Court's OTSC, which was filed as a direct result of Capital's failure to comply with Redman's properly issued subpoena, it did not deign to provide any explanation regarding its violation of the subpoena. Instead, as noted above, its initial response consisted solely of its answer to Redman's subpoena along with its related document production. Indeed, Capital did not bother to provide any explanation for its failure to comply with the subpoena until it filed its unauthorized sur-reply to the OTSC on August 12, 2017. Therein, it attributed the delay to the fact that Capital was closing its Atlantic City office in April 2017 and laying off almost its entire staff. (Docket Entry No. 7, ¶7). The Court finds Capital's belated excuse for its delay to be

7

utterly unconvincing. Clearly, Capital choose to rely upon the Federal Rules of Civil Procedure when it suited it and ignored the rules when it did not.

In light of the distinctive history of this case, the Court finds that the imposition of attorneys' fees and costs related to Redman's initial petition to enforce the subpoena served on Capital as well as Redman's related briefing is warranted. The Court utilizes its inherent authority to impose this sanction on Capital, finding that Capital acted in bad faith in failing to timely respond to the properly served subpoena. Further, despite Capital's claims to the contrary, after reviewing the time entries attached to the Declaration of Paul F. Markoff, and considering the years of experience and expertise of Redman's counsel, the Court finds the fees and costs requested, *i.e.*, $14,091.00, to be reasonable.

The Court, however, declines to impose the remaining $9,662.20 requested by Redman, which Redman incurred litigating the sufficiency of Capital's response to Redman's subpoena. The Court notes that after the OTSC, Capital did make what appears to be a good faith effort to comply with its production obligations as well as this Court's later Orders. While the Court did require supplemental responses from Capital, It cannot deems Capital's conduct as so dilatory as to warrant sanctions. The Court finds that Capital's ultimate efforts to respond to the subpoena were acceptable and do not justify the award of additional attorneys' fees and costs.

In light of the foregoing, Capital is instructed to pay Redman $14,091.00 in attorneys' fees and costs. This payment shall be made within 30 days of the date of this Order.

**IT IS SO ORDERED.**

\_\_s/ Tonianne J. Bongiovanni_____
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

GILBERT

## United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.2.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:16-cv-04380

Redman v. Capital Advance Solutions, LLC
Assigned to: Honorable John Robert Blakey
Demand: $9,999,000
Cause: 28:1331 Federal Question

Date Filed: 04/18/2016
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Scott D.H. Redman**    represented by **Karl G. Leinberger**
Markoff Leinberger LLC
134 N. LaSalle Street
Suite 1050
Chicago, IL 60602
(312) 726-4162
Email: karl@markleinlaw.com
*ATTORNEY TO BE NOTICED*

**Paul F. Markoff**
Markoff Leinberger LLC
134 N LaSalle St
Ste 1050
Chicago, IL 60602
3127264162
Email: paul@markleinlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Betta**    represented by **Louis David Bernstein**
The Bernstein Law Firm, LLC
350 N. Clark Street
Suite 400
Chicago, IL 60654
312-645-6091
Email: lbernstein@bernsteinlawchicago.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Capital Advance Solutions, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/18/2016 | 1 | COMPLAINT filed by Scott D.H. Redman; Jury Demand. Filing fee $ 400, receipt number 0752-11834719.(Markoff, Paul) (Entered: 04/18/2016) |
| 04/18/2016 | 2 | CIVIL Cover Sheet (Markoff, Paul) (Entered: 04/18/2016) |
| 04/18/2016 | 3 | ATTORNEY Appearance for Plaintiff Scott D.H. Redman by Paul F. Markoff (Markoff, Paul) (Entered: 04/18/2016) |
| 04/18/2016 |   | CASE ASSIGNED to the Honorable Marvin E. Aspen. Designated as Magistrate Judge the Honorable Jeffrey T. Gilbert. (dc, ) (Entered: 04/18/2016) |
| 04/18/2016 | 4 | MOTION by Plaintiff Scott D.H. Redman to certify class (Markoff, Paul) (Entered: 04/18/2016) |
| 04/18/2016 | 5 | NOTICE of Motion by Paul F. Markoff for presentment of motion to certify class 4 before Honorable Marvin E. Aspen on 4/28/2016 at 10:30 AM. (Markoff, Paul) (Entered: 04/18/2016) |
| 04/18/2016 | 6 | ATTORNEY Appearance for Plaintiff Scott D.H. Redman by Karl G. Leinberger (Leinberger, Karl) (Entered: 04/18/2016) |
| 04/21/2016 | 7 | MINUTE entry before the Honorable Marvin E. Aspen:Plaintiff's motion to certify class 4 is taken under advisement. Response is to be filed by 5/6/2016. Reply is to be filed by 5/13/2016. Status hearing is set for 6/30/2016 at 10:30 AM.Mailed notice (jms, ) (Entered: 04/21/2016) |
| 04/21/2016 | 8 | MINUTE entry before the Honorable Marvin E. Aspen: The briefing schedule set on 4/21/2016 is stricken.Mailed notice (jms, ) (Entered: 04/21/2016) |
| 04/28/2016 | 9 | MINUTE entry before the Honorable Marvin E. Aspen:Plaintiff's motion for class certification 4 entered and continued to 6/30/2016 at 10:30 AM.Mailed and telephoned notice (mad, ) (Entered: 04/28/2016) |
| 06/01/2016 |   | SUMMONS Issued as to Defendant Capital Advance Solutions, LLC (pg, ) (Entered: 06/01/2016) |
| 06/13/2016 | 10 | SUMMONS Returned Executed by Scott D.H. Redman as to Capital Advance Solutions, LLC on 6/8/2016, answer due 6/29/2016. (Markoff, Paul) (Entered: 06/13/2016) |
| 06/29/2016 | 11 | MINUTE entry before the Honorable Marvin E. Aspen:The status hearing and the motion hearing set for 6/30/2016 on plaintiff's motion for class certification 4 is stricken in light of the pending reassignment of this case. Once the case is reassigned to another district judge, movant should renotice plaintiff's motion for class certification 4 to the assigned judge's calendar.Mailed notice (mad, ) (Entered: 06/29/2016) |
| 06/29/2016 | 12 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable John Robert Blakey for all further proceedings. Signed by Executive Committee on 6/29/2016.(ks, ) (Entered: 06/30/2016) |
| 07/06/2016 | 13 | MINUTE entry before the Honorable John Robert Blakey: This case has been assigned to the calendar of the Honorable John Robert Blakey. An initial status |

| | | |
|---|---|---|
| | | conference is set for 9/14/2016 at 9:45 a.m. in Courtroom 1725. The parties are advised to review and strictly comply with the Court's standing order concerning initial status conferences and the filing of the initial status report (which, in this case, will be due no later than 9/5/2016). The standing order and the template for the initial status report are available on the Court's homepage at www.ilnd.uscourts.gov. By way of preliminary information, the Court expects attorneys to appear at all set dates. If an attorney has a conflict with a set date, the attorney must notify Judge Blakey's Courtroom Deputy, Gloria Lewis, at (312) 818-6699. If appropriate, the Court will then reset the matter. Advising opposing counsel of a conflict is not a substitute for communicating with the Court. Attorneys who fail to appear and fail to notify the Courtroom Deputy of any conflict may be subject to sanctions. Additionally, the parties are strongly encouraged to consider consenting to proceed before the assigned United States Magistrate Judge. Should the parties elect to do so, they should notify Mrs. Lewis, and the case will be reassigned upon receipt of the signed consent form. Mailed notice (gel, ) (Entered: 07/06/2016) |
| 07/07/2016 | 14 | MOTION by Plaintiff Scott D.H. Redman for discovery *(leave to commence discovery)*, MOTION by Plaintiff Scott D.H. Redman to continue *motion for class certification* (Markoff, Paul) (Entered: 07/07/2016) |
| 07/07/2016 | 15 | NOTICE of Motion by Paul F. Markoff for presentment of motion for discovery, motion to continue 14 before Honorable John Robert Blakey on 7/19/2016 at 09:45 AM. (Markoff, Paul) (Entered: 07/07/2016) |
| 07/07/2016 | 16 | STATUS Report *(Reassignment Status Report)* by Scott D.H. Redman (Markoff, Paul) (Entered: 07/07/2016) |
| 07/19/2016 | 17 | MINUTE entry before the Honorable John Robert Blakey: Motion hearing held on 7/19/2016. Oral motion for entry of default as to all Defendants is granted. Plaintiff's motion to certify class 4 is entered and continued to 8/4/2016 at 9:45 a.m. in Courtroom 1725. Plaintiff's motion for discovery 14 is denied without prejudice. Status hearing date of 9/14/2016 is stricken. Mailed notice (gel, ) (Entered: 07/19/2016) |
| 07/19/2016 | 18 | CERTIFICATE of Service by Paul F. Markoff on behalf of Scott D.H. Redman (Markoff, Paul) (Entered: 07/19/2016) |
| 08/04/2016 | 19 | MINUTE entry before the Honorable John Robert Blakey: Motion hearing held on 8/4/2016. Oral motion to commence discovery is granted. Motion for Class Certification 4 is entered and continued to 10/4/2016 at 9:45 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 08/04/2016) |
| 08/24/2016 | 20 | MINUTE entry before the Honorable John Robert Blakey: On the Court's own motion, the motion hearing previously set for 10/4/2016 is reset for 10/20/2016 at 9:45 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 08/24/2016) |
| 10/05/2016 | 21 | MOTION by Plaintiff Scott D.H. Redman to certify class *(Amended)* (Attachments: # 1 Exhibit A-Requests for Admissions, # 2 Declaration B-Declaration of Paul F. Markoff)(Markoff, Paul) (Entered: 10/05/2016) |
| 10/05/2016 | 22 | NOTICE of Motion by Paul F. Markoff for presentment of motion to certify class 21 before Honorable John Robert Blakey on 10/11/2016 at 09:45 AM. |

| | | |
|---|---|---|
| | | (Markoff, Paul) (Entered: 10/05/2016) |
| 10/05/2016 | 23 | MEMORANDUM by Scott D.H. Redman in support of motion to certify class 21 (Markoff, Paul) (Entered: 10/05/2016) |
| 10/11/2016 | 24 | MINUTE entry before the Honorable John Robert Blakey: Motion hearing held on 10/11/2016. Defendant failed to appear and failed to notify Chambers of any scheduling conflicts. Oral motion to compel answers to discovery is granted. Oral motion for rule to show cause is granted. Rule to show cause hearing set for 11/1/2016 at 9:45 a.m. in Courtroom 1725. All pending motions are entered and continued to the next hearing date. Motion hearing previously set for 10/20/2016 is stricken. Plaintiff Counsel shall personally serve Defendant with a copy of this order. Defendant is ordered to appear at the next hearing. Mailed notice (gel, ) (Entered: 10/11/2016) |
| 10/25/2016 | 25 | AFFIDAVIT of Service filed by Plaintiff Scott D.H. Redman regarding Order *(enter 10/11/2016)* served on Dan Logan on 10/17/2016 (Markoff, Paul) (Entered: 10/25/2016) |
| 11/01/2016 | 26 | MINUTE entry before the Honorable John Robert Blakey: Case called for a show cause hearing on 11/1/2016. Defendant failed to appear and failed to notify Chambers of any scheduling conflicts. Based on the request of Counsel, the order of default is hereby vacated. Plaintiff is given leave to reissue discovery. Status hearing set for 12/13/2016 at 10:00 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 11/01/2016) |
| 11/18/2016 | 27 | TRANSCRIPT OF PROCEEDINGS held on 10/11/16 before the Honorable John Robert Blakey. Court Reporter Contact Information: Lisa H. Breiter lisa_breiter@ilnd.uscourts.gov (312) 818-6683.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 12/9/2016. Redacted Transcript Deadline set for 12/19/2016. Release of Transcript Restriction set for 2/16/2017. (Breiter, Lisa) (Entered: 11/18/2016) |
| 11/28/2016 | 28 | MINUTE entry before the Honorable John Robert Blakey: On the Court's own motion, the status hearing previously set for 12/13/2016 is reset for 12/12/2016 at 10:00 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 11/28/2016) |
| 12/12/2016 | 29 | MINUTE entry before the Honorable John Robert Blakey: Case called for status hearing on 12/12/2016. Defendant failed to appear and failed to notify Chambers of any scheduling conflicts. Case reset for status on 1/10/2017 at 9:45 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 12/12/2016) |
| 12/30/2016 | 30 | MOTION by Plaintiff Scott D.H. Redman for sanctions (Attachments: # 1 Exhibit 1-Interrogatories, # 2 Exhibit 2-Requests for Production, # 3 Exhibit 3-Email)(Markoff, Paul) (Entered: 12/30/2016) |

| | | |
|---|---|---|
| 12/30/2016 | 31 | NOTICE of Motion by Paul F. Markoff for presentment of motion for sanctions 30 before Honorable John Robert Blakey on 1/10/2017 at 09:45 AM. (Markoff, Paul) (Entered: 12/30/2016) |
| 01/10/2017 | 32 | MINUTE entry before the Honorable John Robert Blakey: Motion and status hearing set for 1/10/2017. The President of Capital Advance, LLC, Mr. Charles Betta, is ordered to personally appear or thru counsel, at the next hearing. Mr. Betta's failure to appear may result in a issuance of an arrest warrant. Plaintiff's Counsel shall effect personal service of this order on Mr. Charles Betta. Status and motion hearing continued to 2/9/2017 at 9:45 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 01/10/2017) |
| 02/08/2017 | 33 | AFFIDAVIT of Service filed by Plaintiff Scott D.H. Redman regarding Order *entered 01/10/2017* served on Charles Betta on 01/24/2017 (Markoff, Paul) (Entered: 02/08/2017) |
| 02/09/2017 | 34 | MINUTE entry before the Honorable John Robert Blakey: Status and motion hearing held on 2/9/2017 and continued to 3/14/2017 at 9:45 a.m. in Courtroom 1725. The President of Capital Advance, LLC, Mr. Charles Betta, is ordered to personally appear or thru counsel, at the next hearing. Mr. Betta's failure to either appear, or have counsel of record in the case, may result in a issuance of an arrest warrant. If Mr. Betta appears thru counsel, counsel shall file an appearance on or before the next hearing. Mailed notice (gel, ) (Entered: 02/09/2017) |
| 02/15/2017 | 35 | MINUTE entry before the Honorable John Robert Blakey: In light of Plaintiff's amended motion to certify class 21 , Plaintiff's prior motion to certify class 4 is denied as moot. Mailed notice (gel, ) (Entered: 02/15/2017) |
| 03/13/2017 | 36 | ATTORNEY Appearance for Plaintiff Charles Betta by Louis David Bernstein (Bernstein, Louis) (Entered: 03/13/2017) |
| 03/14/2017 | 37 | MINUTE entry before the Honorable John Robert Blakey: Status hearing held on 3/14/2017 and continued to 3/29/2017 at 9:45 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 03/14/2017) |
| 03/29/2017 | 38 | MINUTE entry before the Honorable John Robert Blakey: Status hearing held on 3/29/2017. Parties shall file simultaneous briefs regarding discovery and default judgment on or before 4/12/2017. Status hearing set for 4/18/2017 at 9:45 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 03/29/2017) |
| 04/12/2017 | 39 | RESPONSE by Plaintiff Charles Betta *to this Court's Request for Briefing* (Bernstein, Louis) (Entered: 04/12/2017) |
| 04/12/2017 | 40 | MEMORANDUM by Scott D.H. Redman *Regarding Discovery and Default Judgment* (Markoff, Paul) (Entered: 04/12/2017) |
| 04/18/2017 | 41 | MINUTE entry before the Honorable John Robert Blakey: Status hearing held on 4/18/2017 and continued to 6/21/2017 at 9:45 a.m. in Courtroom 1725. This Court enters default against Capital Advance Solutions. LLC. Mailed notice (gel, ) (Entered: 04/18/2017) |
| 06/21/2017 | 42 | MINUTE entry before the Honorable John Robert Blakey: Status hearing held on 6/21/2017 and continued to 8/9/2017 at 9:45 a.m. in Courtroom 1725. |

| | | Mailed notice (gel, ) (Entered: 06/21/2017) |
|---|---|---|
| 08/07/2017 | 43 | MINUTE entry before the Honorable John Robert Blakey: Oral motion to reset status hearing is granted. Status hearing previously set for 8/9/2017 is reset for 8/29/2017 at 10:00 a.m. in Courtroom 1725. Mailed notice (gel, ) (Entered: 08/07/2017) |
| 08/29/2017 | 44 | MINUTE entry before the Honorable John Robert Blakey: Status hearing held on 8/29/2017. Plaintiff's motion to certify class 21 and Plaintiff's motion for sanctions 30 are denied without prejudice. Status hearing set for 10/4/2017 at 9:45 a.m. in Courtroom 1203. Parties wishing to appear by telephone should contact the Courtroom Deputy on or before noon on 10/3/2017, to arrange for a telephonic appearance. Mailed notice (gel, ) (Entered: 08/31/2017) |
| 10/03/2017 | 45 | MINUTE entry before the Honorable John Robert Blakey: Oral motion to reset status hearing is granted. Status hearing previously set for 10/4/2017 is reset for 11/7/2017 at 9:45 a.m. in Courtroom 1203. Mailed notice (gel, ) (Entered: 10/03/2017) |
| 11/06/2017 | 46 | MINUTE entry before the Honorable John Robert Blakey: Oral motion to reset status hearing is granted. Status hearing previously set for 11/7/2017 is reset for 12/7/2017 at 9:45 a.m. in Courtroom 1203. Mailed notice (gel, ) (Entered: 11/06/2017) |
| 12/07/2017 | 47 | MINUTE entry before the Honorable John Robert Blakey: Status hearing held on 12/7/2017 and continued to 1/18/2018 at 9:45 a.m. in Courtroom 1203. Mailed notice (gel, ) (Entered: 12/08/2017) |
| 01/16/2018 | 48 | MINUTE entry before the Honorable John Robert Blakey: Oral motion to reset status hearing is granted. Status hearing previously set for 1/18/2018 is reset for 2/21/2018 at 9:45 a.m. in Courtroom 1203. Mailed notice (gel, ) (Entered: 01/16/2018) |
| 02/20/2018 | 49 | MINUTE entry before the Honorable John Robert Blakey: Oral motion to reset status hearing is granted. Status hearing previously set for 2/21/2018 is reset for 4/24/2018 at 9:45 a.m. in Courtroom 1203. Mailed notice (gel, ) (Entered: 02/20/2018) |
| 04/23/2018 | 50 | MINUTE entry before the Honorable John Robert Blakey: Plaintiff's oral motion to reset status hearing is granted. Status hearing previously set for 4/24/2018 is reset for 6/19/2018 at 9:45 a.m. in Courtroom 1203. Mailed notice (ep, ) (Entered: 04/23/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/10/2018 09:00:53 | | | |
| PACER Login: | ch7215:3794834:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:16-cv-04380 |
| Billable Pages: | 5 | Cost: | 0.50 |